## JOHN SELLARS *v.* ABNER KELLY et ux.

1. CONTINUANCE—ABSENT TESTIMONY MUST BE MATERIAL AND SUCH AS WOULD AVAIL THE PARTY IF PRESENT.—It is proper to refuse a continuance because of an absent witness, unless the facts proposed to be proved by him are pertinent and material.

2. MARRIED WOMEN—CANNOT MAKE POWER OF ATTORNEY TO HUSBAND.—A letter of attorney by a wife to a husband, authorizing him to make a sale and give title to personal property belonging to her separate estate, is void, and no evidence in relation to such power of attorney is admissible.

3. REPLEVIN—THE QUESTION INVOLVED IS IN WHOM IS THE TITLE—TESTIMONY NOT PERTINENT TO THIS QUESTION IS INADMISSIBLE.—In replevin, the question submitted to the jury is, in whom is the title to the property; and testimony tending to show that a married woman, who has never legally parted with the title, received a sum of money given by one who supposed he was purchasing the property is inadmissible.

ERROR to the circuit court of Jones county. HANCOCK, J.

The defendants in error sued out a writ of replevin against the plaintiff in error, who was defendant below, for negroes,

alleged to be Mrs. Kelly's separate property. The defendant gave bond, and kept the negroes. When the case was called, the defendant moved for a continuance, supporting his application by an affidavit of the absence of John C. Campbell, a material witness, duly summoned, who would swear that he purchased said slaves from Abner Kelly, taking a bill of sale in his and his wife's name, which was made in virtue of a power of attorney from his wife to him, as agent, duly executed and acknowledged ; that the witness was then in possession of the power of attorney. The continuance was refused, on the ground that the evidence was not material.

The defendants, on the trial, proposed to read the deposition of D. N. Campbell, to the effect that he, being a magistrate, took an acknowledgment by Ann Kelly of a power of attorney, authorizing her husband to sell the negroes in controversy; that she was examined privately and separate from her husband. The deposition was ruled out, on the ground that it was not material to the issue.

Ann Kelly was then introduced, and testified that she had received the money for the slaves ; that she had authorized the sale, and had made the power of attorney with the view of enabling her husband to make title to the same. On the ground that it was irrelevant to the issue, this testimony was ruled out.

The jury found a verdict for the plaintiffs. The defendant sued out a writ of error, and makes in this court the following assignment of errors :

1. The court erred in refusing a continuance of the cause.

2. In refusing to admit the evidence of D. N. Campbell and Ann Kelly.

3. The jury found contrary to the law and evidence.

*T. J. Wharton*, for plaintiff in error.

*S. A. D. Steele*, on same side, cited 27 Miss. 641 ; Chancey on Husband and Wife, 321, and authorities ; 15 Ves. Jr. 595 ; 1 Story's Juris., § 243 ; 2 ib. 1378, 1379, 1390 ; 13 Johns.

548; 4 Barb. 413; 7 Smedes & Marsh. 75; 14 ib. 58; 20 Conn. 169; 3 Ired. Eq. 239; 7 ib. 113, 120; 23 Ala. 642; 36 Miss. 558; 26 ib. 355; 34·ib. 67; 38 ib. 64.

No counsel for defendants in error.

SIMRALL, J. :

The circuit court did not err in refusing a continuance, unless the facts proposed to be proved, were pertinent and material. These facts were that Abner Kelly sold the slaves to one Campbell, under a power of attorney executed and acknowledged by his wife Ann Kelly.

By the fifth section of the act of February 15, A. D. 1839, slaves owned by a married woman could be sold by the joint deed of husband and wife, proved and acknowledged, as conveyances of real estate. Art. 23, p. 336, of Rev. Code, provides, "that the separate property of the wife shall not be sold and conveyed, * * * unless she joins in deed as prescribed in the conveyance of real estate."

By the succeeding twenty-fifth article she may hire out her slaves, rent her lands, and take securities therefor in her own name. As to these acts of ownership, she deals with the property as a *feme sole*, and needs not the co-operation of her husband; but in the more important transaction of making a sale or mortgage, her husband must join in the conveyance. The law guards her ownership with the additional precaution of a more solemn instrument (concurred in by the husband) acknowledged by her on private examination.

By a separate instrument she could not appoint a stranger to make the sale. The husband was as destitute of power over this sort of property, to sell and convey, as a stranger. If the authorization is conferred upon another, it must be the joint act of both. The letter of attorney from the wife to the husband was void and conferred no authorization on the husband to act. Fort v. Doyle et ux, 7 Smedes and Marsh. 75. If the facts therefore proposed to be proved by

the absent witness, had been in evidence to the jury, they could not have availed the defendant.

The court below rightfully ruled out the testimony of the magistrate before whom the wife acknowledged the power of attorney. This is apparent for the reasons already given.

Nor was it error to refuse testimony, proving or tending to prove, that the money, the price of the slaves, was actually received by the wife. The question submitted to the jury was, in whom was the title and property in the slaves. It was proved that the slaves came to Mrs. Kelly by gift from her father, and were her property unless she had parted with the ownership by the sale to Campbell. There was but one mode in which she could pass the title by a sale. She was under the disability of coverture to do any act which would be equivalent to a ratification. To hold that this would be a confirmation, would be in principle the same as that a married woman could make a valid sale by receipt of the price and a bare delivery.

If it be unconscientious for Mrs. Kelly to retain the money, and be permitted now to secure the alternate value (this judgment was rendered in 1860), the proper forum to prefer and litigate that matter would be a court of equity. If it should there turn out that she had invested the money in other property, or had made such use of it as she might under the law, certainly a very strong appeal would be addressed to that court for relief. But with that subject we have nothing to do upon this record.

> *The judgment is affirmed.*